IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NVR, INC.,

        Plaintiff,

v.

JAMES J. PRUTILPAC, SR. and CHRISTIN R. PRUTILPAC,

        Defendants.

CIVIL ACTION NO. 1:14-cv-63 (Keeley)

Electronically Filed April 8, 2014

## COMPLAINT FOR ENFORCEMENT OF MECHANIC'S LIEN

NOW COMES the Plaintiff, NVR, Inc. by and through its counsel, Eckert Seamans Cherin & Mellott, LLC, and files the following Complaint against the defendants, James J. Prutilpac, Sr. and Christin R. Prutilpac (the "Prutilpacs").

### PARTIES

1.    NVR, Inc. is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business at 11700 Plaza America Drive, Suite 500, Reston, Virginia 20190.

2.    Through an asset purchase transaction, NVR, Inc. has acquired all legal and contractual rights and remedies relating to this civil action (hereinafter, "NVR" shall mean NVR, Inc. and its assignor for all of the legal and contractual rights and remedies at interest in this civil action).

3.    Upon information and belief, the Prutilpacs are married individuals residing at 103 Lawless Road, Morgantown West Virginia 26501.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction arising out of 28 U.S.C. §1332, because there is complete diversity of citizenship between NVR and the Prutilpacs and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court because the acts and omissions giving rise to this Complaint occurred in Monongalia County, West Virginia, and because the real estate at issue is also located in Monongalia County, West Virginia.

## BACKGROUND FACTS

6. The Prutilpacs are the record owners of real estate municipally numbered as 234 Ridge of Summit Drive, Morgantown, Monongalia County, West Virginia 26508, and identified more specifically on the Notice of Mechanic's Lien, attached hereto as "Exhibit 1" (the "Real Estate").

7. NVR provided labor and materials for the construction of a custom residential structure on the Real Estate subject to the Standard Agreement for the Construction of a Dwelling House (the "Standard Agreement") attached to the aforementioned Notice of Mechanic's Lien as "Exhibit A" thereto. (See Exhibit 1, at Exhibit A.")

8. The Standard Agreement was modified by the Addendum/Endorsement to Agreement of Sale (the "Addendum") attached to the aforementioned Notice of Mechanic's Lien as part of "Exhibit A" thereto. (See Exhibit 1, at Exhibit A.")

9.     The Putilapcs failed to pay NVR for all labor and materials provided for the construction of the custom residential structure on the Real Estate, leaving an outstanding balance of $184,491.82.

10.    The last date NVR provided labor and/or materials to Prutilpacs for the improvements to the Real Estate was in or around the middle of December 2013.

11.    On February 27, 2014, in accordance with W.Va. Code §§ 38-2-1 and 38-2-8, NVR duly caused the aforementioned Notice of Mechanic's Lien in the aforesaid amount of $184,491.82 to be recorded in the Clerk's office. (See Exhibit 1.)

## COUNT ONE - ENFORCEMENT OF NVR'S MECHANIC'S LIEN

12.    NVR incorporates each of the foregoing paragraphs by reference as if set forth more fully herein.

13.    Pursuant to West Virginia Code § 38-2-1, any person, firm or corporation who erects, builds, constructs a building or other structure by virtue of a contract with the owner for such erection, building, or construction shall have a lien upon such building or other structure, and upon the interest of the owner thereof in the real property whereon the same stands to secure the payment of such contract price or other compensation therefor.

14.    Said lien attaches and dates from the time the first labor, material, machinery or other necessary equipment was provided.

15.    The Prutilpacs have failed to pay to NVR the outstanding balance of $184,491.82 for the erection, building, or construction of the residential structure and improvements to the Real Estate.

16. As owners of the Real Estate, the Prutilpacs have benefited from the erection, building, or construction of the residential structure and improvements to the Real Estate and are therefore indebted to NVR pursuant to the Mechanic's Lien in the sum of $184,491.82 plus interest, costs and attorney's fees, which continue to accrue.

17. The provisions of W. Va. Code §38-2-34 require that enforcement of a mechanic's lien be effectuated by commencing a civil action within six months of filing a notice of mechanic's lien in the Clerk's office.

18. By filing this complaint, NVR is hereby timely enforcing its mechanic's lien in accordance with W.Va. Code §38-2-34.

WHEREFORE, NVR, Inc. respectfully requests judgment in its favor and against James J. Prutilpac, Sr. and Christin R. Prutilpac in the amount of $184,491.82, and the award of pre-judgment interest and post-judgment interest on all amounts awarded, NVR's costs and attorney fees incurred in this action; and such other and further relief as may be just.

## COUNT TWO – BREACH OF CONTRACT

19. NVR incorporates each of the foregoing paragraphs by reference as if set forth more fully herein.

20. The Prutilpacs' failure to pay NVR the $184,491.82 balance due and owing for the work performed pursuant to the Standard Agreement and the Addendum, inter alia, constitutes a material breach of contract.

21. Pursuant to Paragraph 24 of the Standard Agreement, the Prutilpacs' failure to make timely payment pursuant to the terms of the Standard Agreement constitutes a default and entitles NVR to bring "an action at law for breach of contract or recovery of the Contract Price" and retain all monies paid on account and thereby render the Standard Agreement otherwise null and void.

22. All conditions precedent to the Prutilpacs' duty to perform under the Standard Agreement and the Addendum have occurred.

23. As a proximate result of the Prutilpacs' breach and/or default of the Standard Agreement, NVR has suffered damages.

24. Accordingly, NVR is entitled to damages in the amount of $184,491.82, plus pre-judgment interest and post-judgment interest on all amounts awarded, and NVR's costs and attorney fees incurred in this action.

WHEREFORE, NVR, Inc. respectfully requests judgment in its favor and against James J. Prutilpac, Sr. and Christin R. Prutilpac in the amount of $184,491.82, and the award of pre-judgment interest and post-judgment interest on all amounts awarded, NVR's costs and attorney fees incurred in this action; and such other and further relief as may be just.

Respectfully submitted,

/s/John E. Hall
John E. Hall, Esquire (WV #4382)
Eckert Seamans Cherin & Mellott, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
412.566.1915 telephone
412.566.6099 fax
jhall@eckertseamans.com

April 8, 2014                                Attorneys for Plaintiff, NVR, INC.