IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NVR, INC.

    *Plaintiff*,

vs.                                                                    Civil Action No. 1:14-CV-63

JAMES J. PRUTILPAC, SR. and
CHRISTINE R. PRUTILPAC

    *Defendants.*

## DEFENDANTS, JAMES J. AND CHRISTINE R. PRUTILPAC'S ANSWER AND COUNTER CLAIM

NOW COME Defendants, James J. Prutilpac and Christine R. Prutilpac, by counsel, Robert D. Berryman, Esq., and in response to Plaintiff's Complaint, state as follows:

1. The allegations contained in paragraph 1 of Plaintiff's Complaint are admitted.

2. The allegations contained in paragraph 2 of Plaintiff's Complaint are denied and strict proof thereof is demanded at trial.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint are admitted.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that this court has original jurisdiction due to diversity of citizenship. Based upon information and belief, it is denied that the amount in controversy exceeds $75,000.00.

5. The allegations contained in paragraph 5 of Plaintiff's Complaint are admitted.

6. The allegations contained in paragraph 6 of Plaintiff's Complaint are admitted.

7. The allegations contained in paragraph 7 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff provided labor and materials for the construction of a custom residential structure. By way of further answer, Defendants is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint and are therefore denied. Strict proof thereof is demanded.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and are therefore denied. Strict proof thereof is demanded.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and are therefore denied. Strict proof thereof is demanded.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint and are therefore denied. Strict proof thereof is demanded.

11. The allegations contained in Plaintiff's complaint that a mechanics lien was filed are admitted. By way of further answer, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint and are therefore denied. Strict proof thereof is demanded.

12. Denied.

13. Admitted.

14. Admitted.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and are therefore denied. Strict proof thereof is demanded.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint and are therefore denied. Strict proof thereof is demanded.

17. The allegations of paragraph 17 contain a conclusion of law to which no responsive pleading is required.

18. The allegations of paragraph 18 contain a conclusion of law to which no responsive pleading is required.

19. Denied.

20. The allegations of paragraph 20 are denied and to the contrary, Plaintiff has been in material breach of the contract for a period in excess of a year. By way of further answer, the Standard Agreement and the Addendum are between Defendants and Heartland Homes, Inc. and not with Plaintiff.

21. The allegations of paragraph 21 contain a conclusion of law to which no responsive pleading is required. By way of further answer, Plaintiff has been in material breach of the contract for a period in excess of a year and continues to be in breach as of the date of this counterclaim.

22. The allegations of paragraph 22 are denied and by way of further answer, Defendants have no duty to pay any monies to Plaintiff since Plaintiff is not a party to the contract and further that Plaintiff has been in material breach of the contract for a period in excess of a year and continues to be in breach as of the date of this counterclaim.

23.     The allegations of paragraph 23 contain a conclusion of law to which no responsive pleading is required.   By way of further answer, Plaintiff has been in material breach of the contract for a period in excess of a year and continues to be in breach as of the date of this counterclaim.

24.     The allegations of paragraph 24 contain a conclusion of law to which no responsive pleading is required.   By way of further answer, Plaintiff has been in material breach of the contract for a period in excess of a year and continues to be in breach as of the date of this counterclaim.

## Second Defense

Except for those allegations that are specifically admitted above, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## Third Defense

The Complaint fails to state a cause of action against Defendants upon which relief can be granted in favor of Plaintiff and against Defendants.

## Fourth Defense

The Complaint is barred by the Statute of Limitations or is barred by the Doctrine of Laches.

## Fifth Defense

To the extent that it may be applicable after discovery is completed, Defendants assert any and all affirmative defenses applicable hereto including, but not limited to, accord and satisfaction, payment, failure of consideration, waiver, offset, assumption of the risk, estoppel, waiver, res judicata, statute of limitations, statute of frauds, laches, and superseding and/or intervening cause, and further explicitly reserves the right to assert any

and all other affirmative defenses or matters which may constitute an avoidance or affirmative defense as the same is contemplated by Rule 8(c) of the Federal Rules of Civil Procedure and as established by the evidence in this matter.

### Sixth Defense

Defendants deny that they have breached any affirmative duty or standard of care with respect to Plaintiff.

WHEREFORE, Defendants respectfully prays that Plaintiff's Complaint be dismissed.

### COUNTERCLAIM

NOW COME Defendants, James J. Prutilpac, Sr. and Christine R. Prutilpac, by counsel, Robert D. Berryman, Esq., and files this counterclaim against Plaintiff and state as follows:

1. Heartland Homes, Inc. was contracted to build a custom residential dwelling for Defendants.

2. Plaintiff started construction on Defendants' residence in November, 2011.

3. The contract provides in paragraph 5. Schedule of Construction … "(B) Completion Date: Contractor estimates completion of construction on or about July, 2012."

4. To the date of this counterclaim, construction is incomplete and Heartland Homes, Inc. and/or Plaintiff have materially breached the contract by failing to complete the construction in a timely fashion.

5. Defendants terminated Plaintiff from further work on the residence due to Heartland Homes, Inc. and/or Plaintiff's breach and have contracted with others to complete the construction of their home and have expended funds to attempt to complete the construction of the house.

## COUNT I
## BREACH OF CONTRACT

6. The allegations in paragraphs 1 through 5 are incorporated by reference thereto as though set forth at length herein.

7. Defendants contracted with Heartland Homes, Inc. that Heartland Homes, Inc. would construct a primary residence on Defendants' premises.

8. The parties' agreement was supported by valuable consideration.

9. Heartland Homes, Inc. and/or Plaintiff had both a legal and a contractual duty to perform its work using generally accepted construction techniques and building practices, breached its legal duty, and breached the contract between the parties when it failed to properly complete the work required under the contract.

10. Heartland Homes, Inc. and/or Plaintiff's failure to perform the construction in accordance with generally accepted construction practices and within the contract terms is a breach of the agreement between Heartland Homes, Inc. and/or Plaintiff and Defendants.

11. Plaintiff's breach financially damaged Defendants.

12. Defendants were required to hire additional contractors to correct and complete the incomplete work performed by the Plaintiff.

## COUNT II
## NEGLIGENCE

13. The allegations in paragraphs 1 through 12 are incorporated by reference thereto as though set forth at length herein.

14. Heartland Homes, Inc. and/or Plaintiff has a legal duty to properly perform the work that it contracted to perform on the Defendants' premises according to relevant building codes and generally accepted construction practices.

15. Notwithstanding its legal duty, Heartland Homes, Inc. and/or Plaintiff breached its duty and failed to perform its work properly.

16. Heartland Homes, Inc. and/or Plaintiff breached its duty of care to Defendants by performing in a negligent and unworkmanlike manner.

17. Heartland Homes, Inc. and/or Plaintiff's breach of its legal duty was the proximate cause of Defendants' damages.

18. Heartland Homes, Inc. and/or Plaintiff scheduled Defendants' installation of a pool with a third party contractor and was aware that it was necessary that Heartland Homes, Inc. and/or Plaintiff properly prepare the site so that it was suitable for the pool construction.

19. Upon the completion of the pool installation, Defendants and the third party pool contractor became aware of significant damage to the pool caused by Heartland Homes, Inc. and/or Plaintiff's failure to properly prepare the site for the pool installation.

20. Defendants were required to re-hire Third Party contractor to repair the extensive damage to the pool caused by Heartland Homes, Inc. and/or Plaintiff.

## COUNT III
## FRAUDULENT CONCEALMENT OF LATENT DEFECTS

21. The allegations in paragraphs 1 through 20 are incorporated by reference thereto as though set forth at length herein.

22. Heartland Homes, Inc. and/or Plaintiff, a vendor and experienced in construction, had or should have had sufficient expertise to properly locate the residence on Defendants' lot.

23. Heartland Homes, Inc. and/or Plaintiff negligently located the residence on the lot so as to encroach upon the set back restrictions to the adjoining lot line.

24. Due to the encroachment, Defendants will not be able to make full use of their lot.

25. Due to the encroachment, Defendants were forced to redesign the layout of their residence to a less desirable design.

26. The encroachment substantially impaired the value of the property and increased the expense of completing the construction.

27. The encroachment was unknown to Defendants at the time of Heartland Homes, Inc. and/or Plaintiff's performance, nor could the encroachment have be discovered by Defendants by a reasonably diligent inspection.

28. Heartland Homes, Inc. and/or Plaintiff had a duty to disclose the defects to Defendants and did not do so, and its breach of its duty to disclose the defects was the proximate cause of the damages suffered by Defendants.

## COUNT IV
## BREACH OF THE IMPLIED WARRANTY
## OF FITNESS FOR ITS INTENDED USE

29. The allegations contained in paragraphs 1 through 28 are incorporated by reference thereto as though set forth at length herein.

30. Heartland Homes, Inc. and/or Plaintiff impliedly agreed to exercise the degree of skill required to properly perform the contract.

31. By holding itself out as a contractor who was specially qualified to perform the work, Plaintiff was required to use proper workmanship and construct the residence in a manner that would be fit for its intended use.

32. Notwithstanding the representations that Heartland Homes, Inc. and/or Plaintiff would use proper workmanship, Heartland Homes, Inc. and/or Plaintiff breached its duty and constructed the residence in a manner which made it unfit for its intended use.

33. The Heartland Homes, Inc. and/or Plaintiff's numerous breaches and faulty workmanship have caused Defendants' damages.

## COUNT V
## DECEPTIVE BUSINESS PRACTICES

34. The allegations contained in paragraphs 1 through 33 are incorporated by reference thereto as though set forth at length herein.

35. Defendants contracted and paid for new and superior quality materials to be used in the construction of the residence.

36. Heartland Homes, Inc. and/or Plaintiff purchased and installed inferior and defective goods for use in Defendants' residence.

37. Defendants engaged in unfair and deceptive acts and practices by its use of defective and inferior materials.

## COUNT VI
## SLANDER OF TITLE

38. The allegations contained in paragraphs 1 through 37 are incorporated by reference thereto as though set forth at length herein.

39. Plaintiff caused a Notice of Mechanic's Lien to be filed in the Office of the Clerk of the County Commission of Monongalia County in Mechanics Lien Book 23, at Page 310 in the amount of $184,491.82.

40. Plaintiff is aware that any amount that may be due is significantly less than $184,491.82.

41.     The filing of the Notice of Mechanic's Lien, being improper, is a publication of a false statement derogatory to Defendants' title which was done with malice causing special damages as a result of diminished value of the property owned by Defendants in the eyes of third parties.

42.     The filing of the Notice of Mechanic's Lien was made with the knowledge that its filing would result in harm to the interests of Defendants, which interests have pecuniary value and was otherwise done with malice and/or in a manner which demonstrates a reckless disregard for the truth of the validity of the Mechanics Lien.

WHEREFORE, Defendants prays that judgment be entered in favor of Defendants and against Plaintiff in an amount sufficient to compensate Defendants for their damages, including pain, suffering and mental anguish, punitive damages, court costs, and an award of attorney fees as provided under the Unfair and Deceptive Practices Act.

>James J. Prutilpac, Sr. and
>Christine R. Prutilpac,
>Defendants by Counsel

>s/ Robert D. Berryman
>Robert D. Berryman, Esq.
>WV ID# 5678
>Berryman & Matheny, PLLC
>2917 University Avenue
>Morgantown, WV  26505
>Telephone: 304.296.6250
>Fax: 304.225.6102
>E-mail: rdberryman@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NVR, INC.

    *Plaintiff*,

vs.                                               Civil Action No. 1:14-CV-63

JAMES J. PRUTILPAC, SR. and
CHRISTINE R. PRUTILPAC

    *Defendants.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 29, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        John E. Hall, Esquire
        Eckert Seamans Cherin & Mellott, LLC
        U.S. Steel Tower
        600 Grant Street, 44th Floor
        Pittsburgh, PA 15219

        s/Robert D. Berryman
        Robert D. Berryman, Esq.
        WV ID#5678
        Attorney for Defendants
        2917 University Avenue
        Morgantown, WV  26505
        Telephone: (304) 296-6250
        Fax: (304) 225-6102
        Email: rdberryman@gmail.com