IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NVR, Inc.,

      Plaintiff,

v.                         CIVIL ACTION NO. 1:14cv63
                                  (Judge Keeley)

JAMES J. PRUTILPAC, SR. and
CHRISTIN R. PRUTILPAC,

      Defendants.

## SCHEDULING ORDER

On June 24, 2014, the parties filed their meeting report and proposed discovery plan. On July 22, 2013, the Court conducted a scheduling conference in this matter and, pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f) and the Local Rules of Civil Procedure, as amended on July 20, 2010, **ORDERS** that the following table of dates and deadlines shall govern the further preparation of this case[1]:

| TABLE OF DATES AND DEADLINES | |
|---|---|
| PLAINTIFF EXPERT DISCLOSURE | January 19, 2015 |
| DEFENDANT EXPERT DISCLOSURE | February 20, 2015 |

---

[1]     As noted in this Court's First Order and Notice Regarding Discovery and Scheduling, the report is considered advisory only. Accordingly, this Court adopts the proposed discovery plan of the parties only to the extent noted.

NCR, Inc. v. Prutilpac                          1:14cv63

**SCHEDULING ORDER**

| | |
|---|---|
| DAUBERT MOTIONS | March 20, 2015 |
| COMPLETION OF DISCOVERY | May 29, 2015 |
| EARLY MEDIATION | September 30, 2014 |
| PARTIES TO CONDUCT PRIVATE MEDIATION ON OR BEFORE | June 15, 2015 |
| MEDIATION REPORT | Mediation report is due within ten (10) days after the completion of the mediation. |
| DISPOSITIVE MOTIONS | June 30, 2015 |
| RESPONSE TO DISPOSITIVE MOTIONS | July 21, 2015 |
| REPLY TO DISPOSITIVE MOTIONS | August 4, 2015 |
| JOINT PRETRIAL ORDER | October 13, 2015 |
| PROPOSED VOIR DIRE, JURY INSTRUCTIONS, VERDICT FORMS & SPECIAL INTERROGATORIES | July 21, 2015 |
| MOTIONS IN LIMINE | October 13, 2015 |
| RESPONSES TO MOTIONS IN LIMINE | October 19, 2015 |
| PLAINTIFF'S FINAL LIST OF WITNESSES AND EXHIBITS | October 13, 2015 |
| DEFENDANT'S FINAL LIST OF WITNESSES AND EXHIBITS | October 13, 2015 |
| OBJECTIONS TO FINAL LIST OF WITNESSES AND EXHIBITS | October 20, 2015 |
| PLAINTIFF'S INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL | October 13, 2015 |
| DEFENDANT'S INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL | October 13, 2015 |
| OBJECTIONS TO INTERROGATORIES AND DEPOSITIONS | October 20, 2015 |

NCR, Inc. v. Prutilpac                              1:14cv63

**SCHEDULING ORDER**

| | |
|---|---|
| STIPULATION OF FACTS | October 20, 2015 |
| PROPOSED EXPERT WITNESS BIOGRAPHICAL SKETCHES | October 20, 2015 |
| DESIGNATION OF JOINT EXHIBITS | October 20, 2015 |
| PRETRIAL CONFERENCE/FINAL SETTLEMENT CONFERENCE | October 23, 2015 10:30 a.m. |
| TRIAL DATE | November 2, 2015 9:30 a.m. First |

1.    **EXPERT DISCLOSURES**:    The plaintiff shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **January 19, 2015**.

The defendant shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **February 20, 2015**.

All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than .

The disclosures described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the

3

NCR, Inc. v. Prutilpac                              1:14cv63

<u>**SCHEDULING ORDER**</u>

physicians or medical providers will render an expert opinion in the case.

    2.   <u>**DAUBERT MOTIONS, RESPONSE, HEARING DATE**</u>: *Daubert* motions shall be filed by **March 20, 2015.** Any such motions must be supported by a memorandum at the time the motion is filed with the Clerk.

    3.   <u>**DISCOVERY**</u>: All discovery shall be completed by **May 29, 2015.** "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses. The term "all discovery" in the preceding definition of "completed discovery" includes the disclosures required by Fed. R. Civ. P. 26(a)(1) and (2), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3).

    Parties have a continuing obligation to supplement their responses beyond the discovery cut-off date, as provided in Fed. R. Civ. P. 26(e). The parties should refer to L.R. Civ. P. 5.01, L.R. Civ. P. 26.01 -26.04, L.R. Civ. P. 33.01, L.R. Civ. P. 34.01, L.R.

NCR, Inc. v. Prutilpac                                    1:14cv63

SCHEDULING ORDER

Civ. P. 36.01, and L.R. Civ. P. 37.01 - 37.02 for further instructions on discovery practice.

The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby.[2] The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes and, therefore, this Court will not hear discovery disputes arising during the stipulated continuance.

4.    **LIMITATIONS ON DISCOVERY**: The preemptive limitations on discovery (numbers of interrogatories, requests for admission, and depositions) set out in L.R. Civ. P. 26.01(c) apply to this case unless otherwise stipulated or ordered.

5.    **MEDIATION**:  Early mediation shall be conducted by the parties on or before September 30, 2014.  The parties are hereby **ORDERED** to conduct private mediation on or before **June 15, 2015**. The parties may apply to the court for a volunteer mediator or may

---

[2]    Extension of the discovery deadline does not change the other deadlines set forth herein nor shall it be a basis for seeking extension of those deadlines. In particular, the deadline for dispositive motions generally cannot be changed without affecting the trial date. In considering to extend discovery, the parties should give thought as to any possible impact on contemplated dispositive motions.

5

NCR, Inc. v. Prutilpac                          1:14cv63

**SCHEDULING ORDER**

hire a private mediator. Within ten (10) days of the conclusion of
mediation, the mediator shall file with the Clerk's Office a
*Mediation Report Form*. This form can be found at the Court's web
page at www.wvnd.uscourts.gov under the "Forms" link. This form
shall be filed with the Clerk's Office where the presiding Judge
sits.

        6.   **DISPOSITIVE MOTIONS**: All dispositive motions, as well as
deposition transcripts, admissions, documents, affidavits, and any
other such matters in support thereof, shall be filed by **June 30,
2015**. Unless parties have obtained an early briefing schedule from
the Court, all dispositive motions should be filed after the close
of discovery.

        Any such motion must be supported by a memorandum at the time
the motion is filed with the Clerk. Memoranda in opposition to
such motions shall be delivered to the Clerk with copies served
upon opposing counsel on or before **July 21, 2015**. Any reply
memoranda shall be delivered to the Clerk with copies served upon
opposing counsel on or before **August 4, 2015**. All dispositive
motions unsupported by memoranda will be denied without prejudice.
See L.R. Civ. P. 7.02(a).

NCR, Inc. v. Prutilpac                          1:14cv63

### SCHEDULING ORDER

Factual assertions made in memoranda should be supported by specific references to affidavits, depositions or other documents made a part of the record before the Court.  Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda.  The parties may refer to L.R. Civ. P. 7.02, L.R. Civ. P. 12.02 and L.R. Civ. P. 78.01 for details on motion practice before this Court.

7.  **JOINT PRETRIAL ORDER**: A joint pre-trial order shall be submitted to the Court not later than **October 13, 2015**.  The proposed joint pre-trial order shall contain at least those matters provided for under L.R. Civ. P. 16.04(b).

The joint pretrial order shall contain for each party, a list of all witnesses who will be called at the trial:

      A.  Each list of witnesses should include the witnesses' addresses and a statement of the general subject matter of their testimony. It is **NOT** sufficient to designate the witness simply "fact," "medical," or "expert." The list must also include an indication in good faith of those witnesses who **WILL** be called in the absence of reasonable notice to opposing counsel to the contrary and of those witnesses who **MAY** be called.

      B.  This restriction does not apply to rebuttal witnesses or documents when necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports or have otherwise exchanged expert information. Expert witnesses

7

NCR, Inc. v. Prutilpac                          1:14cv63

SCHEDULING ORDER

whose reports have not been furnished to opposing counsel will not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished.

C.    Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of this Order and prior court orders.

The witness lists submitted to this Court as part of the pre-trial order shall include all of a party's potential witnesses and exhibits and no party shall be permitted to add to these lists after the pretrial order is submitted to the Court.  Following the pre-trial conference, this Court shall enter the final pre-trial order which shall be modified only to prevent manifest injustice.

8.  **PROPOSED VOIR DIRE AND JURY CHARGE:**  Proposed jury instructions on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, together with pertinent statutory and case authority, special interrogatories and verdict forms, as appropriate to the case, and all proposed voir dire questions requested by counsel for submission to the jury shall be exchanged by counsel and delivered to the Clerk not later than **July 21, 2015**.

**If the instructions, voir dire, verdict forms, and special interrogatories in this case are prepared on a computer in a**

NCR, Inc. v. Prutilpac                           1:14cv63

SCHEDULING ORDER

software program compatible with WordPerfect or Microsoft Word,
counsel are requested to send files containing those instructions
in such a compatible format to the Court by email, care of Elaine
Junkins at Elaine_Junkins@wvnd.uscourts.gov, with the email subject
line including the case name and party proposing the instructions.
If the request for an email with the noted information is not
followed, sanctions may occur.

        9.   **MOTIONS IN LIMINE**:  All motions in limine, accompanied by
memoranda of law, and all other related pre-trial motions shall be
filed with the Clerk not later than **October 13, 2015**.  Responses to
such motions shall be filed by counsel by **October 19, 2015**.

        10.  **FINAL LIST OF WITNESSES AND EXHIBITS AND OBJECTIONS**:
Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **October 13,
2015**, plaintiff shall file with the Clerk a final list of those
exhibits and witnesses that he or she actually intends to use or
call at trial. Prior to that, he shall either forward copies of the
proposed exhibits or make them available to all other counsel for
examination.  On or before **October 13, 2015** defendant shall file a
list of proposed exhibits to be used and witnesses to be called at
trial after having forwarded copies of them or having them
available for examination to all other counsel.  All exhibits shall

9

NCR, Inc. v. Prutilpac                          1:14cv63

**SCHEDULING ORDER**

be appropriately marked in numerical sequence (not lettered). Exhibit markers may be obtained from the Clerk.

By each of the dates set forth above, each counsel shall tender to the Clerk two sets (preferably in binders and on disk) of <u>copies</u> of the exhibits to be used at trial. These should be indexed for easy reference and each paper exhibit should be individually tabbed.  One of the binders will be for the Court's use and the other is for use by the witness.  Counsel should have their own copy of each exhibit and should furnish opposing counsel with a copy of each exhibit.  <u>Original</u> exhibits shall be submitted to the Clerk at trial and should not be tendered to the Clerk prior to trial.

Any objection to any proposed witness or exhibit must be filed in writing no later than **October 20, 2015**, shall include a copy of the exhibit where possible, and shall include authority supporting the ground for objection. Failure to comply with this paragraph may constitute a waiver of objection or may result in the Court's denying any objection to the admission of an affected exhibit or witness.

11.  <u>**INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL AND**</u>
<u>**OBJECTIONS**</u>: Pursuant to Fed. R. Civ. P. 26(a)(3), on or before

NCR, Inc. v. Prutilpac                         1:14cv63

**SCHEDULING ORDER**

**October 13, 2015**, plaintiff shall file with the Clerk any interrogatories, answers thereto, depositions, etc., specifying the appropriate portions thereto that plaintiff intends to offer in this case.  Defendant shall do the same on or before **October 13, 2015**.  Before designating these discovery materials, the parties shall meet and agree as to the elimination of all irrelevant and repetitive matter, and all colloquy between counsel in the depositions. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony.  Any objections to the testimony that cannot be amicably resolved and the grounds for the objections shall be filed in writing by each of the parties no later than **October 20, 2015**, or such objection shall be deemed to have been waived.  The objections shall include appropriate statement of authorities in support of the party's position. This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

    12.  **STIPULATION OF FACTS**: Counsel are encouraged to meet and enter into stipulations of facts in this case and any such stipulation shall be reduced to writing, signed by counsel and filed with the Court and with opposing counsel by **October 20, 2015**.

NCR, Inc. v. Prutilpac                          1:14cv63

### SCHEDULING ORDER

13. **<u>BIOGRAPHICAL SKETCHES</u>**: Biographical sketches of any proposed expert witnesses shall be filed with the Court and with opposing counsel by **October 20, 2015**.

14. **<u>DESIGNATION OF JOINT EXHIBITS</u>**: The parties should consider designating a list of joint exhibits and should file any list of exhibits to be jointly designated by **October 20, 2015**.

15. **<u>PRETRIAL CONFERENCE/FINAL SETTLEMENT CONFERENCE</u>**: A pre-trial conference/final settlement conference shall be held at **10:30 a.m.** on **October 23, 2015**, at **the Clarksburg, West Virginia** point of holding court. <u>Lead trial counsel</u> for each represented party must attend.  Counsel and parties should be prepared to participate fully and to discuss all aspects of the case, including the matters set forth in the pre-trial order. Persons with full authority to settle the case for each party shall be present in person.

16. **<u>TRIAL</u>**: Jury selection in this action shall be held on **November 2, 2015** at **9:30 a.m.** at the **Clarksburg, West Virginia** point of holding court.  Trial will commence upon the completion of jury selection and trial in any prior case scheduled for this date.  This case is presently the **first** case on the trial docket for that week.

NCR, Inc. v. Prutilpac                              1:14cv63

<u>SCHEDULING ORDER</u>

17.  **SETTLEMENT AUTHORITY AND SANCTIONS**: At least one of the
attorneys for each party participating in any conference before
trial shall have authority to make decisions as to settlement,
stipulations and admissions on all matters that participants
reasonably anticipate may be discussed.  Counsel and parties are
subject to sanctions for failures and lack of preparation specified
in Fed. R. Civ. P. 16(f) and L.R. Civ. P. 37.01 respecting pre-
trial conferences or orders.

18.  **DEADLINES FINAL**:  The time limitations set forth above
shall not be altered except as set forth in L.R. Civ. P. 16.01(f).

All dates for submissions, deliveries and filings with the
Clerk or the Court refer to the date the materials must be actually
<u>received</u> not the mailing date.

**FAILURE ON THE PART OF COUNSEL TO APPEAR AT THE
PRETRIAL CONFERENCE OR TO COMPLY WITH THE REQUIREMENTS OF
THIS ORDER WILL SUBJECT THE PARTY OR ATTORNEY TO
APPROPRIATE SANCTIONS UNDER THE RULES, AND MAY RESULT IN
DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING
PARTY OR PERSON. COMPLIANCE WITH THIS ORDER INCLUDES
*TIMELY* AND *GOOD FAITH EFFORT* BY *ALL* PARTIES TO MEET AND**

NCR, Inc. v. Prutilpac                          1:14cv63

_____
                     **SCHEDULING ORDER**
_____


*JOINTLY* **PREPARE THE FINAL PRETRIAL ORDER AND OTHER ITEMS**

**DESCRIBED ABOVE.**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this
Scheduling Order to counsel of record.

DATED: July 23, 2014


                              /s/ Irene M. Keeley
                              _____
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE